UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

JOSEPH N. SHKRELI,                                    :
                                                              :   15 Civ. _____ (     )(     )
                          Plaintiff,                         :
                                                              :   **NOTICE OF REMOVAL**
          - against -                                   :
                                                              :
STARBUCKS CORPORATION a/k/a              :
STARBUCKS COFFEE COMPANY,             :
                                                              :
                          Defendant.                    :
-------------------------------------------------------------------------x

SIRS:

          PLEASE TAKE NOTICE that Defendant Starbucks Corporation d/b/a Starbucks Coffee

Company (sued herein as "STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE

COMPANY" and hereinafter "Starbucks"), pursuant to 28 U.S.C. §1441 and based upon this

Court's diversity jurisdiction under 28 U.S.C. §1332, removes this action from the Supreme

Court of the State of New York, County of Nassau, to the United States District Court for the

Eastern District of New York.  The grounds for such removal are as follows:

          1.        Plaintiff Joseph N. Shkreli commenced an action on or about November 12, 2014,

by filing a Summons and Verified Complaint in the Supreme Court of the State of New York,

County of Nassau.  The Summons and Verified Complaint subsequently were served on the New

York Department of State on November 20, 2014 and on Starbucks registered agent, Corporation

Services Company, on December 4, 2014.  A true and accurate copy of the Summons and

Verified Complaint is attached hereto as Exhibit "A".  On December 19, 2014, Defendant

Starbucks served and filed its Verified Answer to Verified Complaint.  A true and accurate copy

of the Verified Answer to Verified Complaint is attached hereto as Exhibit "B".   On December

19, 2014, Defendant Starbucks also served and filed a Request for Supplemental Demand for

Relief pursuant to CPLR § 3017(c).  A true and accurate copy of Starbucks December 19, 2014

CPLR § 3017(c) Demand is attached hereto as Exhibit "C".   On March 31, 2015 our office

received Plaintiff's responses to Starbucks initial discovery requests, including a response to

Starbucks December 19, 2014 Request for Supplemental Demand for Relief pursuant to CPLR §

3017(c).  Plaintiff's CPLR § 3017(c) response sets forth the total damages to which he deems

himself entitled to as "five million ($5,000,000.00) dollars in damages".  A true and accurate

copy of Plaintiffs' March 27, 2015 Response (without exhibits), which was received on March

31, 2015, is annexed hereto as Exhibit "D".  Plaintiff also served on March 27, 2015 a Request

for Judicial Intervention ("RJI") seeking a Preliminary Conference in this matter.  A true and

accurate copy of Plaintiffs' RJI dated March 27, 2015 is annexed hereto as Exhibit "E".

     4       Upon information and belief, Exhibits "A", "B", "C" and "E" are the only

documents filed in the Nassau County Supreme Court proceeding.

     5.      Plaintiff is a citizen and resident of the State of New York and resides in Nassau

County, New York.  <u>See</u> the Summons and ¶1 of the Verified Complaint attached hereto as

Exhibit "A".

     6.      Defendant Starbucks is a foreign corporation organized and existing under the

laws of the State of Washington and maintains its principal place of business in Seattle,

Washington.

     7.      The amount in controversy, as evidenced by Plaintiff's Response to Supplemental

Demand for Relief, dated March 27, 2015 and received by our office on March 31, 2015,

exceeds $75,000, exclusive of interest and costs.  <u>See</u> Exhibit "D" hereto.

9.     This removal is timely pursuant to 28 U.S.C. § 1446(b).

10.    Jurisdiction exists in this Court by reason of diversity of citizenship, 28 U.S.C. § 1332.

11.    Venue in this Court is proper pursuant to 28 U.S.C. §1391 (a)(1) and (c).


Dated:     New York, New York
           April 27, 2015

                              Respectfully yours,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:  _____
                         George N. Tompkins, III
                         150 East 42nd Street
                         New York, New York 10017-5639
                         (212) 915-5562
                         Attorneys for Defendant
                         STARBUCKS CORPORATION d/b/a
                         STARBUCKS COFFEE COMPANY
                         File No. 09194.00207

To:     Evan Gewirtz, Esq.
        THE GEWIRTZ LAW FIRM
        500 North Broadway, Suite 129
        Jericho, New York 11753
        (516) 829-1600
        Attorney for Plaintiff
        JOSEPH N. SHKRELI

6733825v.1

EXHIBIT "A"

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
STARBUCKS CORPORATION                      SHKRELI, JOSEPH N


UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 11/20/2014 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                          Very truly yours,
                                          Division of Corporations



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 13231746
Date Processed: 12/04/2014

| | |
|---|---|
| **Primary Contact:** | Regina Boyd MS S-LA2<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number 0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Joseph N. Shkreli vs. Starbucks Corporation a/k/a Starbucks Coffee Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Nassau County Supreme Court, New York |
| **Case/Reference No:** | 606037/2014 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 12/04/2014 |
| **Answer or Appearance Due:** | 10 Days |
| **Originally Served On:** | Secretary of State on 11/20/2014 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Evan Gewirtz<br>516-829-1600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

FILED: NASSAU COUNTY CLERK 11/12/2014 12:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 606037/2014
RECEIVED NYSCEF: 11/12/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
JOSEPH N. SHKRELI,

                                                    Plaintiff,

        -against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                                                    Defendant.
-------------------------------------------------------------------X

Index No.: 606037/2014
Filed on: 11/12/2014

**SUMMONS**

Basis of venue designated is:
Plaintiff's Residence
6 Cindy Drive
Old Bethpage, NY 11804

To the above mentioned Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Jericho, New York
        November 12, 2014

                                            THE GEWIRTZ LAW FIRM

                                            By: _____
                                                Evan Gewirtz, Esq.
                                            Attorneys for Plaintiff
                                            500 North Broadway, Suite 129
                                            Jericho, New York 11753
                                            (516) 829-1600

Defendants' address:
STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY
Penn Station LIRR #2
1 Penn Plaza, Concourse Level
New York, New York 10119-0002

Served at the address above & via Secretary of State:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
JOSEPH N. SHKRELI ,

                       Plaintiff,

      -against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                    Defendant.
-------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index No.: 606037/2014

      Plaintiff, complaining by his attorneys, THE GEWIRTZ LAW FIRM, does hereby allege
and swear:

      1.   Plaintiff, Joseph N. Shkreli, is a resident of the Town of Oyster Bay, County of
Nassau and State of New York.

      2.     Upon information and belief, at all times hereinafter-mentioned, Starbucks
Corporation a/k/a Starbucks Coffee Company (hereinafter "Starbucks") is a corporation created,
organized and existing under the laws of the State of New York.

      3. Upon information and belief, at all times hereinafter-mentioned, Starbucks is a foreign
corporation duly authorized to do business in the State of New York.

      4. Upon information and belief at all times hereinafter-mentioned defendant, Starbucks,
operated a coffee house which included the sale of coffee and other specialty drinks and foods.

      5. On January 14, 2014, Starbucks maintained a place of business at Penn Station LIRR
#2, 1 Penn Plaza, Concourse Level, New York, New York 10119-0002 (the "business.")

      6. On January 14, 2014, Starbucks employed various agents, servants and/or employees
(hereinafter "employees.")

      7. On January 14, 2014, Starbucks employed various employees to deliver its products
from its aforementioned business premises to its clients' home and business locations.

8. On January 14, 2014, Shaquan L. Murry, was an employee of Starbucks.

9. On January 14, 2014, at approximately 1:00 p.m., plaintiff was legally and rightfully a pedestrian traveling down the 34th Street escalator in Penn Station, in the County, City and State of New York.

10. On January 14, 2014, at approximately 1:00 p.m., defendant Shaquan L. Murry, was in back of the plaintiff while traveling down the 34th Street escalator in Penn Station, in the County, City and State of New York.

11. At the above date and time, defendant Shaquan L. Murry was traveling down the aforesaid escalator while holding a hand cart.

12. At the above date and time, defendant Shaquan L. Murry was traveling down the aforesaid escalator while utilizing a hand cart.

13. At the above date and time, defendant Shaquan L. Murry was traveling down the aforesaid escalator while holding and utilizing a hand cart, in violation of NY LIRR 1097.5-L.

14. At the above date and time, defendant Shaquan L. Murry was acting in the course of his employment for Starbucks.

15. At the above date and time, defendant Shaquan L. Murry was traveling with the hand cart upon the direction of Starbucks.

16. At the above date and time, defendants Starbucks and Shaquan L. Murry had a duty to provide for the safety of the public/pedestrians in proximity to the handcart.

17. At the above date and time, while plaintiff and defendant were travelling down the 34th Street escalator in Penn Station, a metal stand fell off said hand cart, thereby striking plaintiff.

18.  At the above date and time, while plaintiff and defendant were travelling down the 34th Street escalator in Penn Station, a wooden stand fell off said hand cart, thereby striking plaintiff.

19.  At the above date and time, defendant was issued a Summons for Utilizing a Handcart on an Escalator in violation of NY LIRR1097.5-L

20.  Defendant, Starbucks, its agents, servants and/or employees (hereinafter "employees"), were negligent, reckless and careless in failing to hire competent employees to ensure the safety of its clients in general, and plaintiff in particular; in hiring incompetent employees, which resulted in the causing and creating of a dangerous and unsafe conditions to its clients in general, and plaintiff in particular; in failing to hire competent management and employees to insure the safety of plaintiff; if failing to direct its employees not to enter / travel on an escalator with a hand cart, which is known by defendant to be a dangerous and unsafe activity; in failing to direct an adequate number of employees to travel with the hand cart so as to prevent the condition and occurrence which defendant knew to be a dangerous, foreseeable occurrence; in failing to properly supervise its employees with regard to safety while utilizing a hand cart; in failing to properly train its employees with regard to safety while utilizing a hand cart; in failing to advise its employees of the proper rules and regulations with regard to the utilization of hand carts; in failing to provide its employees with safe handcarts; in negligently providing its employees with unsafe hand carts, in failing to properly secure the hand cart prior to traveling on the escalator; in violating NY LIRR section 1097.5-L; all of which were the proximate cause of, and the substantial factor in, the resulting accident and injuries sustained by plaintiff, and said accident occurring without any contributory negligence on the part of the plaintiff.

21.  Defendant Starbucks is negligent per se, as it violated NY LIRR1097.5-L; which was the proximate cause of, and the substantial factor in, the resulting accident and injuries sustained by plaintiff

22.      Solely by reason of the said accident and the negligence and carelessness of the defendant, as aforesaid, the plaintiff, JOSEPH N. SHKRELI, is personally and severely injured, does incur expenses for medical care and treatment and is unable to attend to usual duties, all to plaintiff's damage in a sum which exceeds the jurisdictional limits of all Courts lower that the Supreme Court.

WHEREFORE, plaintiffs demand judgment against the defendant herein for a sum of which exceeds the jurisdictional limits of all Courts lower that the Supreme Court, together with the costs and disbursements of this action.

DATED:  Jericho, New York
        November 12, 2014

THE GEWIRTZ LAW FIRM

By: _____
        Evan Gewirtz, Esq.
*Attorneys for Plaintiff*
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 829-1600

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

The undersigned, being duly sworn deposes and says: I am the plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof, the same is true to deponent's own knowledge, except as to matters herein stated to be alleged on information and belief, and as to those matters deponent believes them to be true.

X _____

JOSEPH Shkreli

Sworn to before me this
12th day of November, 2013  2014

_____
Notary Public

TAMMY L. CARD
Notary Public, State of New York
No. 01CA6146927
Qualified in Nassau County
Commission Expires May 30, 20 18

Case 2:15-cv-02369 Document 1   Filed 04/27/15   Page 13 of 44   PageID #:13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X
JOSEPH N. SHKRELI,

Plaintiff,

    -against-                             Index No.: 606037/2014

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

Defendant.
-------------------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below).

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice,** the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the System.

4. For additional information about NYSCEF, see the *User's Manual and Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Enter (at 646-386-3033 or efile@courts.state.ny.us).

Dated: Jericho, New York
       November 12, 2014

THE GEWIRTZ LAW FIRM
By: Evan Gewirtz, Esq.
*Attorneys for Plaintiff*
500 North Broadway, Suite 129
Jericho, New York 11753
Tel: (516) 829-1600
Fax: (516) 829-0506
Email: egewirtz@tglfny.com

TO:    STARBUCKS CORPORATION a/k/a        Secretary of State
       STARBUCKS COFFEE COMPANY
       Penn Station LIRR #2
       1 Penn Plaza, Concourse Level
       New York, New York 10119-0002

| SUPREME   COURT | | |
|---|---|---|
| STATE OF NEW YORK, COUNTY OF    NASSAU | | Index No. 606037 Year  2014 |

JOSEPH N. SHKRELI,

Plaintiff,

- against -

STARBUCKS CORPORATION aka
STARBUCKS COFFEE COMPANY,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

### THE GEWIRTZ LAW FIRM

*Attorney(s) for*
Plaintiff
*Office and Post Office Address, Telephone*

500 NORTH BROADWAY
SUITE 129
JERICHO, NEW YORK 11753
(516) 829-1600

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Evan Gewirtz, Esq.

Service of a copy of the within is hereby admitted.

Dated:

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a (Certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                          of which the within is a true copy
will be presented for settlement to the HON.            one of the judges of the
within named Court, at
on                        at          M.
Dated:

Yours, etc.

THE GEWIRTZ LAW FIRM



USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8869 0059 7933 3463 35

20141202009
UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY NY, 12207

DOS-470 (Rev. 4/08)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Return Service Requested

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

JOSEPH N. SHKRELI,

                          Plaintiff,

      against -

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                       Defendant.
------------------------------------------------------------------------x

Index No.:606037/2014

**VERIFIED ANSWER TO
VERIFIED COMPLAINT**

      Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company (sued herein as

"STARBUCKS CORPORATION a/k/a STARBUCKS COFFEE COMPANY" and hereinafter

"Starbucks"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its

Verified Answer to plaintiff's Verified Complaint, states as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained in Paragraphs 1, 9, 10, 11, 12, 17 and 18 of the Verified

Complaint.

      2.      Denies the each and every allegation in Paragraphs 2, 3, 4, 5, 6 and 7 of the

Verified Complaint, except admits that Starbucks is a foreign corporation existing under the laws

of the State of Washington, that it is authorized to and does conduct business in the State of New

York and that it operates a retail store at the location identified in the Verified Complaint.

      3.      Admits the allegations in Paragraph 8 of the Verified Complaint.

      4.      Denies each and every allegation contained in Paragraphs 13, 19, 20, 21 and 22

of the Verified Complaint.

6490286v.1

5.    Denies information sufficient to form a belief as to the truth of the allegations in Paragraphs 14, 15 and 16 of the Verified Complaint and refers all questions of law to the Court.

## FIRST DEFENSE

6.    The Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

7.    Whatever injury or damage may have been sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendant Starbucks is therefore not liable to plaintiff or, in the alternative, that its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## THIRD DEFENSE

8.    Defendant Starbucks specifically denies that any negligence on its part contributed to or was a proximate cause of any injuries or damages sustained by the plaintiff, but, in the event it is found that defendant Starbucks was negligent in any manner or to any degree, defendant Starbucks alleges upon information and belief that other parties hereto and persons or entities not named in this action may be negligent to a certain degree for the injuries or damages sustained by plaintiff and therefore contend that, in the event there is found to be fault on the part of defendant Starbucks, which in any manner or degree contributed to the injuries of plaintiff, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons whether named to this action or otherwise.

2

6490286v.1

### FOURTH DEFENSE

9.　　Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by defendant Starbucks or by any person for whom defendant Starbucks is responsible.

### FIFTH DEFENSE

10.　　The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of defendant Starbucks.

### SIXTH DEFENSE

11.　　Plaintiff assumed the risk of his alleged injuries and on that account defendant Starbucks is not liable to plaintiff.

### SEVENTH DEFENSE

12.　　As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, defendant Starbucks claims the benefit of Civil Procedure Law and Rule 4545(c).

### EIGHTH DEFENSE

13.　　In the event that any person or entity liable or claimed to be liable for plaintiff's injuries has been given a release or covenant not to sue, defendant Starbucks liability, if any, should be reduced in accordance with the provisions of General Obligations Law § 15-108.

### NINTH DEFENSE

14.　　The liability of defendant Starbucks, if any, is limited in accordance with the provisions of Article 16 of the Civil Practice Law and Rules of the State of New York.

3

## TENTH DEFENSE

15.    That the personal injuries and/or damages alleged to have been suffered by the plaintiff were caused or contributed to by the negligence or culpable conduct of other parties over which defendant Starbucks had no control and for whose conduct defendant Starbucks is not responsible.

## ELEVENTH DEFENSE

16.    Plaintiff failed to mitigate his damages, if any.

WHEREFORE, defendant Starbucks demands judgment dismissing the Complaint together with its costs and disbursements, or, in the alternative, that its liability be limited as prayed upon, together with costs, disbursements and fees incurred.

Dated:    New York, New York
          December 19, 2014

                              Yours, etc.

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:    _____
                           George N. Tompkins, III
                           150 East 42nd Street
                           New York, New York 10017-5639
                           (212) 915-5562
                           Attorneys for Defendant
                           STARBUCKS CORPORATION d/b/a
                           STARBUCKS COFFEE COMPANY
                           File No. 09194.00207

To:    Evan Gewirtz, Esq.
       THE GEWIRTZ LAW FIRM
       500 North Broadway, Suite 129
       Jericho, New York 11753
       (516) 829-1600
       Attorney for Plaintiff
       JOSEPH N. SHKRELI

6490286v.1

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK   )

George N. Tompkins, III, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner with the firm of Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys for defendant Starbucks Corporation d/b/a Starbucks Coffee Company in the within action; I have read the foregoing Verified Answer to Verified Complaint and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true. The reason this Verification is made by affirmant and not by defendant is that defendant is a foreign corporation with its principal place of business outside the State of New York.

The grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: conversations with the defendant and review of various documents related to this matter.

George N. Tompkins, III

6490286v.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF NEW YORK  )

       Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action,

is over eighteen (18) years of age and resides in East Northport, New York.  That on the 19th day

of December 2014, deponent served the within Verified Answer to Verified Complaint upon:

       Evan Gewirtz, Esq.
       THE GEWIRTZ LAW FIRM
       500 North Broadway, Suite 129
       Jericho, New York 11753
       Attorney for Plaintiff
       JOSEPH N. SHKRELI

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an

official depository under the exclusive care and custody of the United States Post Office

Department within the State of New York.

                                           Robin Doyle

Sworn to before me this
19th day of December 2014

Notary Public

EMILY D. MANN
NOTARY PUBLIC, State of New York
No. 01MA6249533
Qualified in Kings County
Commission Expires October 11, 2015

6

6490286v.1

Case 2:15-cv-02369   Document 1   Filed 04/27/15   Page 24 of 44 PageID #: 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

JOSEPH N. SHKRELI,

                                                    Plaintiff,

              -against-

STARBUCKS CORPORATION a/k/a

STARBUCKS  COFFEE COMPANY,

                                                    Defendant.

## VERIFIED ANSWER TO VERIFIED COMPLAINT

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*Attorneys For*  Defendant STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE COMPANY

150 East 42nd Street
New York, NY 10017-5639
212.490.3000

Dated,   New York, New York

To All Counsel

Attorney(s) for Respective Parties

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE COMPANY

Office and Post Office Address
File No. 09194.00205

EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------------x

JOSEPH N. SHKRELI,                       :

                        Plaintiff,      :     Index No.:606037/2014

                                         :

    against -                           :    **REQUEST FOR**
                                         :    **SUPPLEMENTAL**
                                         :    **<u>DEMAND FOR RELIEF</u>**

STARBUCKS CORPORATION a/k/a       :
STARBUCKS COFFEE COMPANY,

                                         :

                    Defendant.      :

-------------------------------------------------------------------------x

PLEASE TAKE NOTICE that, pursuant to CPLR § 3017(c), defendant Starbucks

Corporation d/b/a Starbucks Coffee Company (sued herein as "STARBUCKS CORPORATION

a/k/a STARBUCKS COFFEE COMPANY"), by and through its attorneys, Wilson Elser

Moskowitz Edelman & Dicker LLP, hereby requests that, within fifteen (15) days hereof, the

plaintiff, Joseph N. Shkreli, serve a supplemental demand for relief setting forth the total

damages to which he deems himself entitled in the Verified Complaint.

Dated:     New York, New York
            December 19, 2014

                         Yours, etc.

             WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                       By: _____
                             George N. Tompkins, III
                             150 East 42nd Street
                             New York, New York 10017-5639
                             (212) 915-5562
                             Attorneys for Defendant
                             STARBUCKS CORPORATION d/b/a
                             STARBUCKS COFFEE COMPANY
                             File No. 09194.00207

6489231v.1

To:     Evan Gewirtz, Esq.
        THE GEWIRTZ LAW FIRM
        500 North Broadway, Suite 129
        Jericho, New York 11753
        (516) 829-1600
        Attorney for Plaintiff
        JOSEPH N. SHKRELI

2

6489231v.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )

      Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action,

is over eighteen (18) years of age and resides in East Northport, New York.  That on the 19th day

of December 2014, deponent served the within Request for Supplemental Demand for Relief

upon:

        Evan Gewirtz, Esq.
        THE GEWIRTZ LAW FIRM
        500 North Broadway, Suite 129
        Jericho, New York 11753
        Attorney for Plaintiff
        JOSEPH N. SHKRELI

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an

official depository under the exclusive care and custody of the United States Post Office

Department within the State of New York.

                                    _____
                                      Robin Doyle

Sworn to before me this
19th day of December 2014

_____
Notary Public

          EMILY D. MANN
     NOTARY PUBLIC, State of New York
         No. 01MA6249533
        Qualified in Kings County
    Commission Expires October 11, 2015

3

6489231v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

JOSEPH N. SHKRELI,

Plaintiff,

-against-

STARBUCKS CORPORATION a/k/a

STARBUCKS  COFFEE COMPANY,

Defendant.

## REQUEST FOR SUPPLEMENTAL DEMAND FOR RELIEF

### WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Attorneys For*  Defendant STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE COMPANY

150 East 42nd Street
New York, NY  10017-5639
212.490.3000

Dated,   New York, New York

To All Counsel

Attorney(s) for Respective Parties

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE COMPANY

Office and Post Office Address
File No. 09194.00205

EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------------x
JOSEPH N. SHKRELI ,

                                 Plaintiff,                  **COMBINED**

     -against-                                   **RESPONSE**

STARBUCKS CORPORATION a/k/a          Index No.: 606037/2014
STARBUCKS COFFEE COMPANY,

                             Defendant.
--------------------------------------------------------------------------x
COUNSEL:

**DEMAND FOR MEDICAL INFORMATION AND AUTHORIZATIONS**: Enclosed please

find medical records from Plainview Hospital, Stand-up MRI of Melville, and Mid-Island

Physical Medicine & Rehabilitation / Ali Guy, M.D.  Additionally, herein please find

authorizations for the following medical providers:

               - Plainview Hospital
               - Mid-Island Physical Medicine & Rehabilitation / Ali Guy, M.D.
               - Stand-Up MRI of Melville PC
               - New York Orthopedics / Stephen Nicholas, M.D.
               - Empire BlueCross BlueShield

**DEMAND FOR STATEMENTS**: Plaintiff is not currently in possession of any opposing

party statements.

**DEMAND FOR ACCIDENT REPORTS**: Enclosed please find a copy of the M.T.A. Police

Department Incident Report.

**DEMAND FOR EXPERT WITNESS**: The experts are the treating physicians and providers

that have treated the Plaintiff to date and the medical providers that will treat the Plaintiff in the

future.

**DEMAND FOR WITNESSES**: Plaintiff is not aware of any witnesses to this accident other that

defendant employee Shaquan L. Murry.

**DEMAND FOR POLICE & FIRE DEPARTMENT REPORTS**: Enclosed please find a copy of the M.T.A. Police Department Incident Report.

**DEMAND FOR INSPECTION REPORTS**: Plaintiff is not in possession of any such reports.

**DEMAND FOR MEDICAL AND/OR DISABILITY RECORDS**: See "Medical Record Authorizations" above.  Plaintiff is not on, nor is he eligible for, Medicare benefits.

**DEMAND FOR COMMUNICATIONS BETWEEN PARTIES**: Plaintiff is not in possession of any such communications.

**DEMAND FOR INCOME TAX RETURNS**: Plaintiff objects to the scope (5 years) of said demand.  Notwithstanding said objection, plaintiff will provide an authorization for income tax returns for two years prior to the accident to the present date.

**DEMAND FOR PHOTOGRAPHS**: Enclosed please find 4 color photographs of the location of said accident, and three color photographs depicting the injury to the plaintiff's left shin/leg.

**DEMAND FOR DOCUMENTS IN SUPORT OF "NEGLIGENT HIRING" ALLLEGATIONS**: To be provided upon the completion of discovery.

**DEMAND FOR COLLATERAL SOURCES**: Enclosed please find a duly executed HIPAA compliant authorization for the plaintiff's health insurance records.

**DEMAND PURSUANT TO CPLR 3017(c)**: Plaintiff deems himself entitled to five million ($5,000,000.00) dollars in damages.

Dated:  Jericho, New York
March 27, 2015

THE GEWIRTZ LAW FIRM

By: _____
Evan Gewirtz, Esq.
*Attorneys for Plaintiff*
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 829-1600

To:    George N. Tompkins, III, Esq.
        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
        *Attorneys for Defendant*
        150 East 42nd Street
        New York, NY 10017-5639
        (212) 915-5562
        Your File No.: 09194.00207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

JOSEPH N. SHKRELI ,

                             Plaintiff,

       -against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                        Defendant.
------------------------------------------------------------------------x

**AFFIDAVIT OF
SERVICE**

Index No.: 606037/2014

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NASSAU    )

      TAMMY L. CARD, being duly sworn, deposes and says, that deponent is not a party of this action, is over 18 years of age and resides in East Atlantic Beach, New York; that on the 27th day of March, 2015, deponent served the annexed Combined Response upon George N. Tompkins, III, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 East 42nd Street, New York, NY 10017-5639, by depositing a true copy thereof, enclosed in a wrapper addressed as shown above, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                        _____
                                          Tammy L. Card

Sworn to before me this
27th day of March, 2015

_____
      Notary Public

MICHAEL FEINER
Notary Public, State of New York
No. 02FE5077902
Qualified in Nassau County
Commission Expires on 6/22/15



US POSTAGE
$005.75⁰
PITNEY BOWES
02  1P
0000904820  MAR 27 2015
MAILED FROM ZIP CODE 11753

**THE GEWIRTZ LAW FIRM**
500 NORTH BROADWAY
SUITE 129
JERICHO, NEW YORK 11753

TO:

George N. Tompkins, III, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, NY 10017-5639

EXHIBIT "E"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

JOSEPH N. SHKRELI,

Plaintiff,

-against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

Defendants.

**REQUEST FOR
PRELIMINARY
CONFERENCE**

Index No.: 606037/2014

SIR(S):

PLEASE TAKE NOTICE, that pursuant to the Uniform Rules of Section 202.12, the undersigned requests a preliminary conference.

The nature of the action is for personal injury.

The names, addresses and telephone numbers of all attorneys appearing in the action are as follows:

Evan Gewirtz, Esq.
The Gewirtz Law Firm
*Attorney's for Plaintiff*
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 829-1600

George N. Tompkins, III, Esq.
Wilson, Elser, Moskowitz, Edelman, et al
*Attorney's for Defendants*
150 East 42nd Street
New York, New York 10017
(212) 915-5562

Dated: Jericho, New York
March 27, 2015

Yours, etc.

Evan Gewirtz, Esq.
The Gewirtz Law Firm
500 North Broadway, Suite 129
Jericho, New York 11753

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
JOSEPH N. SHKRELI,

                        Plaintiff,

         -against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                      Defendants.
-------------------------------------------------------------------X

Index No.:  606037/2014

**GOOD FAITH**
**AFFIRMATION**

SIR(S):

      I, Evan Gewirtz, Esq., an attorney duly admitted to practice in the courts of the State

of New York, affirm under the penalty of perjury as follows:

      I am an attorney with The Gewirtz Law Firm, attorneys for plaintiff, JOSEPH

SHKRELI, and as such, am fully familiar with the facts and circumstances involved herein.

      We have made good faith efforts to resolve the issue raised herein without the

intervention of the Court and have been unable to do so.

      Consequently, this affirmant respectfully request the Court grant this request for a

Preliminary Conference.

Dated:  Jericho, New York
          March 27, 2015

                                    _____
                                      Evan Gewirtz, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
JOSEPH N. SHKRELI,

                          Plaintiff,

                 -against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                          Defendants.
-------------------------------------------------------------------X

Index No.: 606037/2014

**AFFIDAVIT OF
SERVICE**

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF NASSAU     )

        TAMMY L. CARD, being duly sworn, deposes and says:

        I am over 18 years of age and not a party to the proceeding, and I reside in East Atlantic Beach, New York.

        On the 27th day of March, 2015, I served Request for Preliminary Conference and Request for Judicial Intervention, by dispatching a true copy of the same by delivery to, George N. Tompkins, III, Esq., @ Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 East 42nd Street, New York, New York 10017, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                                _____
                                                    TAMMY L. CARD

Sworn to before me this
27th day of March, 2015

_____
Notary Public
MICHAEL FEINER
Notary Public, State of New York
No. 02FE5077902
Qualified in Nassau County
Commission Expires on 6/22/15

SUPREME **COURT**
**STATE OF NEW YORK, COUNTY OF**   NASSAU         **Index No.**   606037   **Year** 2014

JOSEPH N. SHKRELI,

                                        Plaintiff,

        - against -

STARBUCKS CORPORATION aka
STARBUCKS COFFEE COMPANY,

                                        Defendant.

---

## REQUEST FOR PRELIMINARY CONFERENCE

---

### THE GEWIRTZ LAW FIRM

*Attorney(s) for*   Plaintiff
*Office and Post Office Address, Telephone*

500 NORTH BROADWAY
SUITE 129
JERICHO, NEW YORK 11753
(516) 829-1600

---

To                                   Signature (Rule 130-1.1-a)

                                     _____
                                     Print name beneath

                                                Evan Gewirtz, Esq.

                                     Service of a copy of the within is hereby admitted.

                                     Dated: _____
Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                        of which the within is a true copy
will be presented for settlement to the HON.        one of the judges of the
within named Court, at
on                          at              M.

Dated,

                              Yours, etc.

                              THE GEWIRTZ LAW FIRM

FILED: NASSAU COUNTY CLERK 03/27/2015 05:54 PM
NYSCEF DOC. NO. 8

INDEX NO. 606037/2014
RECEIVED NYSCEF: 03/27/2015

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840  (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |

Supreme **COURT, COUNTY OF** Nassau ☑

Index No.: 606037/2014    Date Index Issued: November 12, 2014

| | Judge Assigned |
|---|---|
| | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

JOSEPH N. SHKRELI,

**Plaintiff(s)/Petitioner(s)**

-against-

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING:    Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
  - **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.** For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____ (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____ (specify)
- ○ Other Negligence: _____ (specify)
- ○ Other Professional Malpractice: _____ (specify)
- ● Other Tort: premises liability (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____ (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____ (specify)
  - **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

**REAL PROPERTY:**    How many properties does the application include? _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):    ○ Residential    ○ Commercial
  Property Address: _____
  Street Address    City    State    Zip
  - **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property: _____ (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)    [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____ (specify)
- ○ Other Special Proceeding: _____ (specify)

## STATUS OF ACTION OR PROCEEDING:    Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ● | ○ | If yes, date filed: 11/12/2014 |
| Has a summons and complaint or summons w/notice been served? | ● | ○ | If yes, date served: 11/19/2014 |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**       Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice     Date Issue Joined: _____
- ○ Notice of Motion          Relief Sought: _____     Return Date: _____
- ○ Notice of Petition         Relief Sought: _____     Return Date: _____
- ○ Order to Show Cause        Relief Sought: _____     Return Date: _____
- ○ Other Ex Parte Application  Relief Sought: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

**RELATED CASES:**     List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the RJI Addendum.  If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |

**PARTIES:**     For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case.  For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Shkreli    Last Name<br>Joseph    First Name<br>Plaintiff    Primary Role:<br>Secondary Role (if any): | Gewirtz    Last Name    Evan    First Name<br>The Gewirtz Law Firm    Firm Name<br>500 North Broadway, Suite 129   Jericho   New York ▾ 11753<br>Street Address   City   State   Zip<br>5168291600   5168290506   gewirtzlaw@optonline.net<br>Phone   Fax   e-mail | ◉ YES<br><br>○ NO | |
| ☐ | Starbucks Corporation aka   Last Name<br>Starbucks Coffee Company   First Name<br>Defendant   Primary Role:<br>Secondary Role (if any): | Tompkins, III   Last Name   George   First Name<br>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP   Firm Name<br>150 East 42nd Street   New York   New York ▾ 10017<br>Street Address   City   State   Zip<br>2129155562<br>Phone   Fax   e-mail | ◉ YES<br><br>○ NO | Gallagher Bassett Services |
| ☐ | Last Name<br>First Name   Primary Role:<br>Secondary Role (if any): | Last Name   First Name<br>Firm Name<br>Street Address   City   State   Zip<br>Phone   Fax   e-mail | ○ YES<br><br>○ NO | |
| ☐ | Last Name<br>First Name   Primary Role:<br>Secondary Role (if any): | Last Name   First Name<br>Firm Name<br>Street Address   City   State   Zip<br>Phone   Fax   e-mail | ○ YES<br><br>○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: __March 27, 2015__

_____     _____
2443661                                    SIGNATURE
**ATTORNEY REGISTRATION NUMBER**     Evan Gewirtz, Esq.
                                                       **PRINT OR TYPE NAME**

[ Print Form ]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

JOSEPH N. SHKRELI,

                                                                    Index No.: 606037/2014

                        Plaintiff,

            -against-                                   **AFFIDAVIT OF
                                                        SERVICE**

STARBUCKS CORPORATION a/k/a
STARBUCKS COFFEE COMPANY,

                        Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

      TAMMY L. CARD, being duly sworn, deposes and says:

      I am over 18 years of age and not a party to the proceeding, and I reside in East Atlantic Beach, New York.

      On the 27th day of March, 2015, 1 served Request for Preliminary Conference and Request for Judicial Intervention, by dispatching a true copy of the same by delivery to, George N. Tompkins, III, Esq., @ Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 150 East 42nd Street, New York, New York 10017, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                   _____
                                      TAMMY L. CARD

Sworn to before me this
27th day of March, 2015

_____
Notary Public
**MICHAEL FEINER**
Notary Public, State of New York
No. 02FE5077902
Qualified in Nassau County
Commission Expires on 6/22/15

**SUPREME COURT**
**STATE OF NEW YORK, COUNTY OF** NASSAU          **Index No.** 606037   **Year** 2014

JOSEPH N. SHKRELI,

                                                            Plaintiff,

                    - against -

STARBUCKS CORPORATION aka
STARBUCKS COFFEE COMPANY,

                                                            Defendant.

---

## REQUEST FOR JUDICIAL INTERVENTION

---

### THE GEWIRTZ LAW FIRM

*Attorney(s) for*     Plaintiff

*Office and Post Office Address, Telephone*

500 NORTH BROADWAY
SUITE 129
JERICHO, NEW YORK 11753
(516) 829-1600

---

**To**

Signature (Rule 130-1.1a)

Print name beneath

                              Evan Gewirtz, Esq.

Service of a copy of the within is hereby admitted.

**Dated:** _____

**Attorney(s) for**

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                        of which the within is a true copy
will be presented for settlement to the HON.        one of the judges of the
within named Court, at
on                          at                M.

Dated,

                    Yours, etc.

                    THE GEWIRTZ LAW FIRM